IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Karen A. Rittinger, | § | |
|     *Plaintiff*, | § | |
| | § | |
| VS. | § | Civil Action 4:16-cv-00639 |
| | § | |
| Healthy Alliance Life Insurance | § | |
|     Company, et al., | § | |
|         *Defendants*. | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO TRANSFER VENUE**

On March 11, 2016, Plaintiff Karen Rittinger ("Plaintiff" or "Rittinger") filed a Complaint against Defendants Healthy Alliance Life Insurance Company ("HALIC") and Anthem UM Services, Inc. ("Anthem") (collectively, "Defendants") with the District Court (Doc. No. 1) ("Complaint"). Pending before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Missouri (Doc. No. 5) ("Motion"). Plaintiff filed a Response (Doc. No. 14) ("Response") and Defendants filed a Reply (Doc. No. 15) ("Reply"). On May 31, 2016, the District Court referred consideration of the Motion to Transfer Venue to this Court for report and recommendation (Doc. No. 16).[1] The Court **RECOMMENDS** that Defendants' Motion to Transfer Venue be **DENIED**.

---

[1] "There is a split of authority as to whether a motion to transfer venue is one that a magistrate judge may hear and determine, or only recommend an appropriate disposition under the statute governing the authority of a United States Magistrate." *Gauthier v. Union Pacific R.R. Co.*, 2008 WL 622932 (E.D. Tex. Mar. 5, 2008) (citations omitted). Courts in the Southern District of Texas have treated such motions both as dispositive and nondispositive for purposes of magistrate authority under 28 U.S.C. § 636(b)(1). *Compare Gandy Marketing & Trucking, Inc. v. Tree Town Holdings, Ltd.*, 2008 WL 2627705 (S.D. Tex. June 30, 2008) (Johnson, J.) (order from magistrate denying the motion to transfer); with *O.W. Bunker USA Inc. v. Bakkedal*, 2015 WL 3404902 (S.D. Tex. May 20,

I.      Background

Plaintiff sues to recover for denied insurance benefits. After Defendants denied her claims and all administrative appeals, Plaintiff filed suit in Missouri. Plaintiff voluntarily non-suited that case, and filed the instant action in the Southern District of Texas. Defendants move to transfer this case back to the Eastern District of Missouri. The following is a brief summary of the factual and procedural background necessary to resolution of the Motion to Transfer.

A.      **Factual Background**

Plaintiff's claims rest upon Defendants' failure to provide insurance benefits. *See* Compl. ¶¶ 139-188. Plaintiff alleges the following facts to support her claims: HALIC, doing business as Anthem Blue Cross and Blue Shield, has insured Plaintiff for more than a decade. *Id.* ¶ 1. Since at least 2005, Defendants have provided Plaintiff with coverage for healthcare costs "arising from or relating to Plaintiff's chronic Gastroesophageal reflux disease ("GERD")," which Plaintiff had formally disclosed to Defendants. *Id.* ¶ 2. For at least a decade, Plaintiff's GERD caused severe symptoms, including "near-constant" nausea and the need to routinely "vomit involuntarily during and/or following her meals." *Id.* ¶ 4.

In the summer of 2014, Plaintiff's symptoms, now including, *inter alia*, "extreme discomfort when swallowing – rose to an intolerable level . . . ." *Id.* ¶ 5. Plaintiff became concerned that "her health was in serious jeopardy . . . ." *Id.* ¶ 7. At the "directive of multiple medical professionals treating Plaintiff, including her primary care physician and a gastroenterology specialist . . . Plaintiff sought surgical options to alleviate her GERD symptoms." *Id.* On October 15, 2014, Plaintiff underwent "relatively routine laparoscopic

---

2015) (Ramos, J.) (adopting the magistrate judge's report and recommendation to grant the motion to transfer). Because there is no clear resolution of this division, and because the pending motion was referred to this Court under 28 U.S.C. § 636(b)(1)(B), the Court will "submit a report and recommendation . . . rather than a final order on the motion." *Gauthier*, 2008 WL 622932, at *1, n.1.

2

surgery meant to alleviate Plaintiff's GERD symptoms." *Id.* ¶ 8. The specific procedure Plaintiff underwent is known as a "laparoscopic Roux-en-Y gastric bypass . . . ." *Id.* ¶ 51.

The operation did not go as planned, and Plaintiff contracted sepsis, fell into a coma, and ultimately lost both legs below the knee to amputation. *Id.* ¶ 9. Plaintiff continues to receive medical treatment resulting from these complications, and expects large future medical costs relating to the surgery and its after-effects. *Id.* ¶ 10. After the operation was complete, and the complications stemming from it had manifested themselves, Plaintiff requested coverage multiple times from Defendants. *Id.* ¶ 20. Defendants denied coverage. *Id.* ¶ 21. Plaintiff asserts that, collectively, the terms of her insurance contract "require Defendants [to] provide coverage to Plaintiff for all of her healthcare costs stemming from the October 15, 2014 surgery, as well as for all of the costs arising from the unbroken chain of events occurring thereafter, and including all future costs related to such events on a going-forward basis." *Id.* ¶ 19.

On November 21, 2014, "Plaintiff's husband sent a one-paragraph e-mail to Defendants pointing out that Defendants' initial denial of Coverage was unfounded . . . ." *Id.* ¶ 59. The email asserted that Defendants had mistakenly speculated that Plaintiff's purpose for undergoing the surgery was simply to lose weight. *Id.* In the same email, "Plaintiff's husband informed Defendants that he 'would like to' file an appeal," and that he was "in the process of obtaining documentation." *Id.* ¶ 60, 61 (citing Doc. No. 1, Ex. G). Defendants treated the email as Plaintiff's "First Level Appeal." *Id.* ¶ 62. On December 19, 2014, Defendants sent Plaintiff a letter denying the appeal, and informing Plaintiff that she could seek a "second level appeal." *Id.* ¶ 65.

On April 11, 2015, Plaintiff sent her Second Appeal of the denial of coverage. *Id.* ¶ 26. Defendants denied this appeal on May 20, 2015. *Id.* ¶ 33. Plaintiff alleges that the denial did not

3

address any of the six separates reasons Plaintiff had asserted to establish Defendants obligation to provide coverage. *Id.* ¶ 34. Plaintiff further argues that the "dramatic dichotomy between Plaintiff's 300-page Second Appeal . . . , and Defendants' form letter [denying coverage] . . . establishes Defendants gave no real consideration to Plaintiff's appeals." *Id.* ¶ 36.

Plaintiff argues that (1) Defendants' denials of her appeals were procedurally improper, breaches of the contract terms concerning internal appellate review, and illustrate bad faith, all in violation of the Employee Retirement Income Security Act (henceforth, "ERISA"), *Id.* ¶¶ 59-72; (2) Defendants have failed to satisfy, and cannot satisfy, their burden under ERISA to clearly establish that an exclusion to coverage applies, *Id.* ¶¶ 73-80; (3) the only potentially applicable exclusion is facially invalid, *Id.* ¶¶ 81-101; (4) even if the exclusion were valid, the other terms of the contract establish that it does not apply to Plaintiff's circumstances, *Id.* ¶¶ 102-124; (5) even if the exclusion applied to Plaintiff, it is nullified by its internal exception, *Id.* ¶¶ 125-133; and (6) even if the exclusion applied and was not nullified, Defendants are equitably estopped from denying coverage to Plaintiff, *Id.* ¶¶ 134-139. Based on these arguments, as well as the facts she alleges, Plaintiff seeks declaratory judgment that Defendants must reimburse her expenses and provide on-going coverage, *Id.* ¶¶ 139-149, and that ¶ 33 of the insurance contract is invalid, *Id.* 150-158. Plaintiff also asserts a claim for breach of obligation to provide benefits due under ERISA § 502(a)(1)(B), *Id.* ¶¶ 159-167, for breach of fiduciary duty allowing recovery under ERISA § 502(a)(3), *Id.* ¶¶ 179-188, and for vexatious refusal to pay under Missouri insurance law, *Id.* ¶¶ 168-178.

### B. Plaintiff's Prior Litigation in Missouri

Following Defendants' May 20, 2015 "Final Denial" of Plaintiff's Second Appeal, Plaintiff filed a petition in the Circuit Court of the City of St. Louis, Missouri. (E.D. Mo. Doc.

4

No. 1, at 2).[2] On October 8, 2015, Defendants removed the case to the United States District Court for the Eastern District of Missouri. (E.D. Mo. Doc. No. 1). Seven days after filing their Notice of Removal, Defendants filed a Motion to Dismiss Plaintiff's Complaint, arguing that Plaintiff had improperly pled her claims as state insurance law violations, rather than federal ERISA claims. (E.D. Mo. Doc. No. 11, at 2). Plaintiff filed a Response in Opposition (E.D. Mo. Doc. No. 19) and a Motion to Remand the Case to Missouri State Court (E.D. Mo. Doc. No. 16). Defendants filed a Response to Plaintiff's Motion to Remand (E.D. Mo. Doc. No. 18) and both Plaintiff and Defendants filed Replies in Support of their Motions (E.D. Mo. Docs. No. 20, 21). After full briefing on both Motions, on December 21, 2015, the Court entered a Memorandum and Order denying Plaintiff's Motion to Remand, and granting Defendants' Motion to Dismiss. (E.D. Mo. Doc. No. 22). Although the Court dismissed Plaintiff's state law claims, Plaintiff was given fourteen days to file "an amended Complaint stating her claims under ERISA." *Id.* at 6.

On December 29, 2015, rather than amending her Complaint, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (E.D. Mo. Doc. No. 23). On January 14, 2016, the Court issued a Memorandum and Order denying Plaintiff's Voluntary Dismissal because, under the Court's prior Order granting dismissal, "there are no pending claims for plaintiff to voluntarily dismiss without prejudice." (E.D. Mo. Doc. No. 24, at 1). Finding that dismissal with prejudice of Plaintiff's claims for failure to amend her Complaint would be "unduly harsh," the Court instead granted Plaintiff seven days to amend her Complaint. *Id.* at 2-3.

---

[2] The Court may take judicial notice of proceedings in another court. *Sparkman v. Charles Schwab & Co., Inc.*, 336 Fed. App'x 413, 415 (5th Cir. June 10, 2009) ("One court may take judicial notice of another district court's judicial actions.") (citing *Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004)); *see also Karaha Bodas Co., L.L.C. v. Perusahan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 n.*** (5th Cir. 2003) ("This court can take judicial notice of another court's judicial action."). Because it is relevant to Defendants' Motion, a brief summary of the prior litigation in this matter, undertaken in Missouri, is appropriate. To avoid confusion with filings in the present matter, filings from the prior litigation in the Eastern District of Missouri will be cited as "E.D. Mo. Doc. No. #."

Later the same day, Plaintiff filed an Amended Complaint, stating her claims under ERISA. (E.D. Mo. Doc. No. 25). Shortly after, Plaintiff again filed a Notice of Voluntary Dismissal, seeking dismissal without prejudice of her claims. (E.D. Mo. Doc. No. 26). The following day, January 15, 2016, Defendants filed a Motion for Extension of Time to File a Response to Plaintiff's Notice (E.D. Mo. Doc. No. 27), which the Court granted (E.D. Mo. Doc. No. 28). Following Defendants' Objections to Plaintiff's Notice (E.D. Mo. Doc. No. 29) and Plaintiff's Reply in Support of her Notice (E.D. Mo. Doc. No. 32), the Court issued an Order granting Plaintiff's Voluntary Dismissal on February 9, 2016. (E.D. Mo. Doc. No. 33).

The same day that the Court granted Plaintiff's Voluntary Dismissal, the Court also issued an Order to Show Cause why the Court should not sanction Plaintiff's attorney for multiplying the proceeding unreasonably and vexatiously and for using accusatory and abusive language in violation of Missouri Supreme Court Rule 4-3.5(d). (E.D. Mo. Doc. No. 34). Plaintiff filed a response to the Court's Order (E.D. Mo. Doc. No. 36). Plaintiff also filed a Motion to Disqualify the Judge, asserting that the Court's behavior and the marriage of one of the Judge's law clerks to an equity partner at Defendants' counsel's law firm demonstrated that the Judge could no longer serve an impartial role in the matter. (E.D. Mo. Doc. No. 35). On March 3, 2016, the Court entered a Memorandum and Order denying Plaintiff's Motion for Judicial Disqualification. The Court also decided not to enter sanctions against Plaintiff's attorney at that time but issued a warning instead.[3]

---

[3] In deciding not to enter sanctions, the Court stated:

> [Plaintiff's attorney]'s blatantly unacceptable conduct notwithstanding, the Court upon consideration accepts his apology as contained in his response and considers his status as a sole practitioner. The Court gives weight to [Plaintiff's attorney]'s statement that he has "already paid dearly for any transgressions, will refrain from overly-strident argument in the future and by all means has learned his lesson." For these reasons the Court will not impose a monetary sanction. The Court, however, strongly cautions [Plaintiff's attorney] to reconsider the

## C. Plaintiff's Present Suit in the Southern District of Texas

After the Court granted the non-suit, Plaintiff filed her Complaint in the United States District Court for the Southern District of Texas, alleging four counts under ERISA, and one count under Missouri state insurance law. Compl. ¶¶ 139-188. Defendants urge this Court to transfer this case back to the Eastern District of Missouri.

## II. Legal Standard for Transfer of Venue under 28 U.S.C. § 1404(a)

Section 1404(a) governs motions to transfer, as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). "The purpose of this statute is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money." *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex. Aug. 31, 1999) (Rosenthal, J.) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "Section 1404(a) permits transfer of venue when such transfer would be '[f]or the convenience of parties and witnesses, and in the interest of justice.' The district court adjudicates motions to transfer through 'individualized, case-by-case consideration[s] of convenience and fairness." *Id.* at 668. "A motion to transfer thus calls on the district court to weigh in the balance a number of case specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The Fifth Circuit has "adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1947), a *forum non*

---

> manner in which he advocates on behalf of clients in the future. The disrespectful and offensive conduct in which he has engaged in this case indicates he is presently on the wrong path. [Plaintiff's attorney] should consider this Order as a wake up call, which he would do well to heed.

(E.D. Mo. Doc. No. 38, at 5) (citations omitted).

7

*conveniens* case, as appropriate for determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (internal quotation marks omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Although these private and public factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, [the Fifth Circuit has] noted that 'none . . . can be said to be of dispositive weight.'" *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). The court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the Western Dist. Of Texas*, __ U.S. __, 134 S.Ct. 568, 581 (2013).

"There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* at 311 (citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). Notwithstanding this discretion, "[t]he court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011). The party seeking transfer bears

8

the "burden of demonstrating why the forum should be changed." *LRP*, 85 F. Supp. 2d at 667 (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); and *Dearing v. Sigma Chem. Co.*, 1 F. Supp. 2d 660, 664 (S.D. Tex. 1998)).

"Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed." *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996) (Kent, J.); *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Further, "[a]lthough a plaintiff's initial choice of venue is entitled to deference, the degree of deference is higher when he has chosen his home venue." *J&J Sports Productions, Inc. v. Riviera*, 2010 WL 3447719, at *2 (S.D. Tex. Aug. 30, 2010) (Ellison, J.) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). This deference is decreased, however, "where, as here, the plaintiff originally filed suit in another district." *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. Feb. 7, 2003).

### III. Defendants Have Not Shown That Transfer is Appropriate

"The preliminary question under §1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d at 312. Here, neither party disputes that the action "might have been brought" in the Eastern District of Missouri. Indeed, as detailed above, the parties previously litigated this action in that District for several months.

The Court's next question is whether "the convenience of parties and witnesses and . . . the interest of justice," favor transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Defendants argue that it does and cite to the following: "Consideration of the interest of justice, which includes judicial economy[,] may be determinative to a particular transfer motion, even if

9

the convenience of the parties and the witnesses may call for a different result." *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Comm'ns Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (internal quotation marks and citation omitted). Because this case was first filed in Missouri, and removed to the Eastern District of Missouri, and that Court previously ruled on Defendants' Motion to Dismiss Plaintiff's state law claims under an ERISA preemption analysis, the Defendants argue that the interests of justice and judicial economy require transfer to the Eastern District of Missouri.

While consideration of the interest of justice may indeed outweigh the convenience of the parties and witnesses in consideration of certain transfer motions, the Fifth Circuit has held that "the private and public factors first enunciated in *Gulf Oil Corp. v. Gilbert*, . . . [are] appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Accordingly, the Court will consider those factors in making its recommendation.

### A. Private Interest Factors

#### i. The Relative Ease of Access to Sources of Proof

The insurance agreement at issue in this matter is "a Missouri Plan offered through a Missouri employer." Mot. at 14. Defendants argue that the administrative record of Plaintiff's appeals will be compiled in Missouri. *Id.* Plaintiff argues that not only is Plaintiff a Houston resident, but all medical records and witnesses competent to testify regarding those procedures are located in Houston. Resp. at 7. In addition, Plaintiff argues that "almost every relevant document (other than those from Defendants) originated from a source in Houston, Texas." *Id.*

"Evidence is therefore likely available in both jurisdictions . . . . Given modern technology, however, this factor need not be considered controlling." *Cooper Lighting, LLC v.*

*Kumar*, 2013 WL 5775687, at * 11 (S.D. Tex. Oct. 25, 2013) (Ellison, J.) (citing *Lamex Foods, Inc. v. Blakeman Transp., Inc.*, 2007 WL 1456010, at *3 (S.D. Tex. May 15, 2007) (Ellison, J.) ("[T]he reality of modern litigation is that because of the telecommunications technology at our disposal, much can be accomplished electronically or over the phone, including interactions with the Court.")). However, "[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of Am., Inc.*, 545 F.3d at 316.

Evidence of Plaintiff's medical history is more easily accessible in Houston, while evidence of Plaintiff's administrative appeal is more easily accessible in Missouri. Resp. at 7. Plaintiff has identified at least seven witnesses in Houston related to her medical care and treatment. Thus, the proof in Houston is coming from several sources and is more complex than the administrative record coming from Defendants' files. This factor therefore weighs against transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules of Civil Procedure, a district court may enforce a subpoena issued to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). Plaintiff argues that the seven individuals identified in her "Second Appeal" to Defendants are located in Houston, Texas. Resp. at 7. Defendants argue that, because this is an ERISA matter, "[d]iscovery will be generally limited to the administrative record; there will be no witnesses deposed, and there will be no testimony (from either Plaintiff or anyone else) at 'trial.'" Reply at 8. Defendants do not provide any citation for this argument, other than to suggest that cross-motions for summary judgment will likely replace trial. *Id.* (citing, e.g.,

11

*Bistany v. Reliance Standard Life Ins. Co.*, 55 F. Supp. 3d 956, 962 (S.D. Tex. 2014) (Atlas, J.) ("Standard summary judgment rules control in ERISA cases.")). While the Plaintiff may be limited to facts raised in the administrative record, Plaintiff will be allowed to prove her case through witnesses and documents. *See, e.g., Connecticut General Life Ins. Co. v. Humble Surgical Hospital, LLC*, 2016 WL 3077405, at *7 (S.D. Tex. June 1, 2016) (Hoyt, J.) ("Ordinarily, when resolving factual controversies, the court's review is confined to the evidence before the plan administrator. Such review is not confined to the administrative record, however, when determining whether a claims administrator abused its discretion in interpreting the plan's terms and making a benefit determination." (internal quotation marks and citations omitted)).

"The Court is aware that more detailed information about the potential witnesses and their locations is usually required." *Vasquez v. El Paso II Enterprises, LLC*, 912 F. Supp. 2d 445, 449 n.3 (W.D. Tex. Dec. 11, 2012) (citing *Copeland v. City of Killeen*, 2010 WL 2732532, at *4 (W.D. Tex. July 8, 2010) ("However, because Plaintiff does not specifically name any of the witnesses in question, or give any detail as to the content of their testimony, these witnesses carry no weight in the Court's transfer analysis [of the compulsory process private interest factor].")). Plaintiff identified seven witnesses located in Houston. These nonparty witnesses would be beyond the subpoena range of the Eastern District of Missouri. Moreover, they would be greatly inconvenienced if they agreed to travel to Missouri to testify on Plaintiff's behalf. In contrast, Defendants have provided no such evidence. As in *Vasquez*, "since Defendants have provided no evidence of any witnesses and their locations, the Court finds the Plaintiff's . . . evidence . . . is persuasive." *Id.* Accordingly, the Court finds that this factor weighs against transfer.

### iii. The Cost of Attendance for Willing Witnesses

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d at 204-05. "The availability and convenience of nonparty witnesses rather than that of party and expert witnesses is accorded the greatest weight in a transfer of venue analysis." *LRP*, 85 F. Supp. 2d at 669 (citing *State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994) (Crone, J.).

"The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). "[T]he moving party must offer more than mere allegations that certain key witnesses are not available or are inconveniently located. Instead, the movant must specifically identify the key witnesses and outline their testimony." *Id.* However, "[w]hen the 'key witnesses are . . . employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *LRP*, 85 F. Supp. 2d at 669 (quoting *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992)).

Here, the distance between the current venue and the proposed venue is more than 100 miles. Defendants, as the movants, have not identified *any* witnesses who would be inconvenienced if required to testify in this District, or who would find proceedings in the Eastern District of Missouri more convenient. Although Defendants failed to identify any witnesses who would be inconvenienced, Defendants' employees, who took part in the administrative appeal process, might be less inconvenienced if the case were transferred. "Their convenience[, however,] is entitled to less weight." *Id.* Plaintiff has identified seven witnesses

13

who are not parties. These nonparty witnesses would be greatly inconvenienced if they had to travel to Missouri. Plaintiff also argues that her medical condition makes travel difficult and therefore makes this District much more convenient. Resp. at 7. While nonparty witnesses are the focus of this factor, Defendants have not provided any counterbalance to demonstrate that the Eastern District of Missouri would be more convenient for Defendants' nonparty witnesses. Accordingly, the Court finds that this factor weighs against transfer.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

Defendants argue that transfer is appropriate, in part, because "[a]ll counsel are in Missouri." Mot. at 14. However, regardless of the potential convenience for Missouri-based counsel in having this case transferred to the Eastern District of Missouri, "[t]he word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a). *In re Volkswagen AG*, 371 F.3d at 206 (citing *In re Horseshoe Entmn't*, 337 F.3d 429, 434 (5th Cir. 2003) (finding that the "factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.")). Accordingly, the Court will not consider the location of counsel in its analysis.

"For this factor, courts consider whether transfer would delay already protracted litigation." *JPT Group, LLC v. Steven Madden Retail, Inc.*, 2016 WL 3523878, at *4 (S.D. Tex. June 28, 2016) (Miller, J.) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)). However, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). Here, there would be no

unusual delay in transferring the case. The parties have not progressed to discovery, and proceedings remain at an early stage.

"Additionally, the courts consider the efficiency of the court system in handling several related lawsuits in the same district." *JPT Group*, 2016 WL 3523878, at *4 (citing *Acad., Ltd. v. A&J Mfg., LLC*, 2014 WL 6679260, at *4 (S.D. Tex. Nov. 25, 2014) (Miller, J.)). Defendants point to the efficiency of transferring this case to the Eastern District of Missouri, where they argue "prior proceedings were extensive." Mot. at 10. However, substantive proceedings in that District did not progress past a Motion to Remand from Plaintiff and a Motion to Dismiss from Defendants. (E.D. Mo. Doc. No. 11, 16). The Court granted Defendants' Motion to Dismiss on preemption grounds, requiring the Plaintiff to amend her Complaint to assert her causes of action under ERISA. Once Plaintiff amended, she voluntarily non-suited the case, and the Eastern District of Missouri Court had not spent significant judicial resources once the Amended Complaint was filed, since it allowed the non-suit. Proceedings had not progressed to discovery, and no motions for summary judgment had been filed. Judicial efficiency does not weigh in favor of transfer here. Accordingly, the Court finds that this factor weighs against transfer.

### B. Public Interest Factors

#### i. The Administrative Difficulties Flowing From Court Congestion

"The focus of the first public-interest factor is 'not whether [transfer] will reduce a court's congestion but whether a trial maybe speedier in another court because of its less crowded docket.'" *Watson v. Fieldwood Energy Offshore, LLC*, __ F. Supp. 3d __, 2016 WL 374494, at *5 (S.D. Tex. Feb. 1, 2016) (Hanks, J.) (quoting *Rosemond v. United Airlines, Inc.*, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014) (Lake, J.)). "In analyzing this factor courts often consider the median time interval from case filing to disposition." *Id.*

15

Defendants do not argue that court congestion weighs in favor of transfer. Mot. at 14. Rather, Defendants note that "[t]he Eastern District of Missouri is well-equipped to adjudicate Plaintiff's claims, and is no more burdened than this Court; court congestion is a non-issue." *Id.* In fact, the median time from filing to trial of civil cases in the Southern District of Texas is 23.1 months, while it is 26.4 months in the Eastern District of Missouri. *See* U.S. District Courts— Federal Court Management Statistics (March 31, 2016) http://www.uscourts.gov/ statistics/table/na/federal-court-management-statistics/2016/03/31-1. Accordingly, this factor weighs against transfer.

### ii. The Local Interest in Having Localized Interests Decided at Home

"A local interest is demonstrated by a relevant factual connection between the events and the venue." *Vasquez*, 912 F. Supp. 2d at 451. "Plaintiff is a Houston native and has lived in Houston for approximately the last decade." Resp. at 7. In addition, the medical procedures and subsequent complications which gave rise to Plaintiff's claim for benefits under her plan took place in Houston. *Id.* While "Plaintiff's ERISA-governed health insurance benefits plan is a Missouri plan offered through a Missouri employer," Mot. at 14, Defendants have not shown that the Eastern District of Missouri has a local interest in the case. Plaintiff, on the other hand, is a resident of this District, and her claims are based upon injuries she suffered here, which clearly establishes a local interest in having the case proceed in this District. Resp. at 7. This factor weighs against transfer.

### iii. The Familiarity of the Forum with the Law that Will Govern the Case

Neither this Court nor the Eastern District of Missouri is more or less familiar with the law that will govern the majority of claims in this case. Substantive federal law, ERISA, will govern the case and is "applied by all federal courts regardless of the state where they sit.

Therefore, this factor is neutral." *Bennett v. Moran Towing Corp.*, __ F. Supp. 3d __, 2016 WL 374495, at * 5 (S.D. Tex. Feb. 1, 2016) (Hanks, J.).

As to Count IV of Plaintiff's Complaint, however, Plaintiff alleges that Defendants have violated several sections of Missouri statutory law concerning provision of insurance. *See* Compl. ¶¶ 168-178. The Eastern District of Missouri has more familiarity with Missouri state law than does this District. This factor therefore would ordinarily weigh in favor of transfer. However, the Eastern District of Missouri Court dismissed Plaintiff's Missouri state law claims in the prior proceedings on the basis of preemption. Mot. at 5 n.3. Therefore, as Defendants argue, it is likely that Plaintiff would not be able to proceed on these claims. Accordingly, this factor does not weigh in favor of transfer.

### iv. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

"Because there are no conflict of law issues that would make this case better suited for either this Court or [the Eastern District of Missouri], this factor cannot weigh either for or against transfer. Possible conflicts of law arising from the application of foreign law is not implicated on these facts and does not affect the Court's analysis." *Watson*, 2016 WL 374494, at *6. Accordingly, the Court finds that this factor weighs neither for nor against transfer.

### C. Taken Together, the Factors Weigh Against Transfer

Although Plaintiff's choice of forum is entitled to higher deference because it is her home venue, *J&J Sports*, 2010 WL 3447719, at *2, "where, as here, the plaintiff originally filed suit in another district," the deference is decreased. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. Feb. 7, 2003). Regardless of the deference accorded to Plaintiff's choice of forum, the party seeking transfer bears the "burden of demonstrating why the forum should be changed." *LRP*, 85 F. Supp. 2d at 667.

17

Although the final public factor, the avoidance of unnecessary problems of conflict of laws, weighs neither for nor against transfer, the remaining factors all weigh against transfer. Therefore, Defendants have not met their burden to demonstrate that transfer of venue to the Eastern District of Missouri is either for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Accordingly, Defendants' Motion should be denied.

## IV. Conclusion

The Court **RECOMMENDS** that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Missouri be **DENIED**. The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

DATE: July 27, 2016

_Dena Palermo_
**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**